UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL LOTA, by his guardian ad litem JEAN LOTA,<br><br>    Plaintiff,<br><br>    vs.<br><br>HOME DEPOT U.S.A., INC.,<br><br>    Defendant. | Case No.: 11-cv-05777-YGR<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS** |

Pending before the Court is Plaintiff's Motion for Award of Attorneys' Fees and Costs ("Fee Motion"). (Dkt. Nos. 84–85.)  This motion follows an Offer of Judgment to Plaintiff Miguel Lota, made pursuant to Federal Rule of Civil Procedure 68, wherein Defendant Home Depot U.S.A., Inc. agreed to pay Plaintiff the sum of $24,000 for all pending claims, not including any sum for reasonable attorneys' fees or costs.  (*See* Dkt. No. 64.)  Plaintiff and his guardian ad litem Jean Lota accepted the Offer of Judgment on January 28, 2013.  (*Id.*)  The parties agreed that attorneys' fees and costs would "be determined by agreement between the parties or by order of the Court after a motion seeking any such recoverable attorneys' fees and/or costs has been filed, briefed and argued by the parties."  (*Id.*)  The Court entered a Judgment in this action on September 9, 2013, also reflecting that "Plaintiff's attorneys' fees and costs shall be determined by agreement of the parties or the court on Plaintiff's motion for attorney's fees and costs."  (Dkt. No. 83.)

Because the parties were unable to agree upon a sum for reasonable attorneys' fees and costs, Plaintiff brings the instant Fee Motion.  Home Depot filed an Opposition to Plaintiff's Motion for Award of Attorneys' Fees and Costs ("Fee Opposition" [Dkt. No. 94]), and Lota, in turn, filed a Reply

to Defendant Home Depot's Opposition to Plaintiff's Motion for Award of Attorneys' Fees and Costs ("Fee Reply" [Dkt. No. 100]).  Pursuant to its authority under Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court found the Fee Motion to be appropriate for decision without oral argument.  (Dkt. No. 108.)

Having carefully considered the papers submitted, the pleadings, and the entire record in this action, and for the reasons set forth below, the Court hereby **GRANTS IN PART** Plaintiff's Motion for Award of Attorneys' Fees and Costs.

## I.   BACKGROUND

Plaintiff filed this action in state court on October 26, 2011.[1]  The parties have differing interpretations as to the key facts underlying this action.  According to Plaintiff, Home Depot did not wish to accommodate the mental disabilities of Mr. Lota—an eight-year employee suffering from mental retardation and impaired memory and speech—by allowing him to take regular breaks and lunch periods to avoid confusion.  Home Depot required that he obtain a physician's note before it would assign him fixed break times, which was not feasible to obtain quickly given scheduling issues.  On October 24, 2009, Lota needed to urinate and was stopped by a supervisor as he attempted to enter the Home Depot facility to use the restroom.  At the door, Lota's supervisor pointed to her watch and indicated it was not time for his break.  Lota thought she was challenging him, which made him fearful and caused him to return to his outside work location.  Because he did not believe he was allowed to enter the building, he urinated behind a shed on the ground.  Home Depot terminated Lota's employment because his conduct purportedly violated its Code of Conduct.  However, prior to the date of the incident, Home Depot never explained or made understandable to him that his conduct on that date violated its Code of Conduct.  In addition, it never explained or made understandable to him the rules regarding when and under what circumstances he was allowed to use restroom facilities. Plaintiff maintains that Home Depot was under a duty to make a reasonable accommodation for his

---

[1] The complaint alleged seven claims under the California Fair Employment and Housing Act ("FEHA"), specifically Cal. Gov't Code section 12940 ("Section 12940"): (1) failure to accommodate disability under Section 12940(m); (2) failure to engage in interactive process under Section 12940(n); (3) discrimination on account of disability under Section 12940(a); (4) retaliation under Section 12940(h); (5) failure to prevent discrimination under Section 12940(k); (6) failure to prevent retaliation under Section 12940(k); and (7) wrongful termination in violation of public policy.

United States District Court
Northern District of California

mental disabilities, and that it could have accommodated him by providing instruction as to the meaning of its policies with respect to when and under what circumstances he could use the restroom, and what conduct was otherwise considered a violation of the Code of Conduct.

In contrast, Home Depot contends that this action arises from Plaintiff's decision to urinate in the parking lot while on duty. A female customer witnessed this and complained to management. Home Depot commenced an investigation and terminated Plaintiff's employment based on the egregious nature of his behavior, which was a violation of Home Depot's policies and a city ordinance prohibiting public urination.

Home Depot removed this action to federal court on December 1, 2011. (Dkt. No. 1.) Because it had already filed an answer in state court, no motion to dismiss was ever filed. Moreover, although Home Depot indicated it intended to file a motion for summary judgment, said motion was never filed because of the accepted Offer of Judgment.

As noted above, the parties' were unable to agree upon a sum for reasonable attorneys' fees and costs. The parties first attempted to resolve informally this issue, and were ultimately referred by this Court to a Settlement Conference with Magistrate Judge Westmore regarding attorneys' fees and costs, which was unsuccessful. Thereafter, Plaintiff filed the instant motion.

With its Fee Opposition and again *after* the completion of briefing, Home Depot filed Objections to Evidence that was submitted with Plaintiff's Motion and Reply. The Court issued an Order to Show Cause why (i) the objections should not be stricken for failure to comply with Civ. L.R. 7-3(a) and (ii) monetary sanctions should not be imposed against counsel for failure to comply with the Local Rule. Following defense counsel's response to the Order to Show Cause, the Court discharged the hearing.[2]

---

[2] The Court did not address the issue of whether it would strike the improper Objections to Evidence when it discharged the Order to Show Cause. The Court hereby **STRIKES** Home Depot's Objections to Evidence. (Dkt. Nos. 97 & 107.) The Court will not respond to the specific objections raised therein, but nonetheless considers only relevant, admissible evidence.

United States District Court
Northern District of California

United States District Court
Northern District of California

**II.   MOTION FOR ATTORNEYS' FEES**

   **A.   Legal Standard**

   Under FEHA, "the court, in its discretion, may award to the prevailing party . . . reasonable attorney's fees and costs." Cal. Gov't Code § 12965(b).  Generally, "[a]bsent circumstances rendering the award unjust, an attorney fee award should ordinarily include compensation for *all* the hours *reasonably spent* in litigating the action to a successful conclusion." *Horsford v. Bd. of Trustees of Cal. State Univ.*, 132 Cal. App. 4th 359, 394 (Cal. Ct. App. 2005) (citations and internal quotations omitted) (emphasis in original).  The California Supreme Court has held that in order to accomplish the legislative purpose of "assuring the availability of counsel to bring meritorious actions under FEHA, the goal of an award of attorney's fees is to fix a fee at the fair market value for a particular action." *Id.* at 394 (citations and internal quotations omitted).  A court should exercise its discretion under Cal. Gov't Code section 12965(b) in a manner that, in the judgment of the court, will best effectuate the purposes of FEHA.  *Id.*  The underlying purpose of FEHA "is to safeguard the right of Californians to seek, obtain, and hold employment without experiencing discrimination." *Flannery v. Prentice*, 26 Cal. 4th 572, 582–83 (2001).  At times, fixing the fee at the relevant fair market value may require the court to adjust the fees below the requested amount.  *Chavez v. City of Los Angeles*, 47 Cal. 4th 970, 985 (2010).

   Both federal and California courts have adopted the lodestar method for calculating reasonable attorneys' fees.  *Chavez*, 47 Cal. 4th at 984–85.  A lodestar figure is the product of the hours counsel reasonably spent on the case and a reasonable hourly rate.  *Greene v. Dillingham Constr. N.A. Inc.*, 101 Cal. App. 4th 418, 422 (Cal. Ct. App. 2002).  In determining whether Plaintiff's claimed hours are reasonable, a court must review attorneys' time records to determine whether the hours are adequately documented in a manner that can be properly billed directly to clients.  *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983).  The Court must assess whether the hours claimed are vague, block-billed, excessive, and/or duplicative, or whether the hours in their entirety must be reduced because of limited success in the action.  *Cotton v. City of Eureka, Cal.*, 889 F. Supp. 2d 1154, 1176 (N.D. Cal. 2012); *Chavez*, 47 Cal.4th at 989 (trial court should award only amount of fees reasonable in relation to results obtained).  To assist the Court with this exercise of its discretion,

4

"'[t]he fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation.'" *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 908 (9th Cir. 1995) (alteration in original) (quoting *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987)). Decisions by other courts regarding the reasonableness of the rate sought may also provide evidence to support a finding of reasonableness. *See Children's Hosp. & Med. Ctr. v. Bonta*, 97 Cal. App. 4th 740, 782–83 (Cal. Ct. App. 2002).

In calculating the lodestar amount, the Court considers any relevant factors listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976).[3] To the extent that the *Kerr* factors are not addressed in the calculation of the lodestar, they may be considered in determining whether the fee award should be adjusted upward or downward with a multiplier, once the lodestar has been calculated. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1212 (9th Cir. 1986). However, there is a strong presumption that the lodestar figure represents a reasonable fee. *Jordan*, 815 F.2d at 1262.

### B.     Requested Fee Award

Lota seeks attorneys' fees in the amount of $176,477.50. (*See* Dkt. No. 104.) The total request breaks down as follows:

---

[3] In *Kerr,* which was decided before the lodestar approach was adopted by the Supreme Court as the starting point for determining reasonable fees in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Ninth Circuit adopted the 12–factor test articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). This analysis looked to the following factors for determining reasonable fees: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Kerr*, 526 F.2d at 70.

| NAME | TITLE/EXPERIENCE | HOURS | RATE | TOTAL |
|---|---|---|---|---|
| Victor Thuesen | Attorney/34 years | 250.483[4] | $600 | $150,290.00 |
| Mark Thuesen | Attorney/5 years | 104.75[5] | $250 | $26,187.50 |
| TOTAL HOURS | | 355.233 | | |

| | |
|---|---|
| **REQUESTED LODESTAR** | **$176,477.50** |
| **REQUESTED COSTS** | **$6,965.63** |
| **TOTAL REQUEST FOR FEES AND COSTS** | **$183,443.13** |

With Plaintiff's Fee Reply, both Victor and Mark Thuesen state that they have expended additional time in preparing the reply papers (6.8 and 10.3 hours, respectively). At the same time, they agree to withdraw their requests for fees based on travel time (9.5 and 5 hours, respectively). In addition, Plaintiff concedes that 7 hours of time billed by Mark Thuesen on January 23, 2013 "may not have been necessary." (Fee Reply at 12.) Despite counsel's concessions, the Court notes that counsel failed to account for any adjustments to hours in the Proposed Order submitted with Plaintiff's reply papers. The Court hereby construes Plaintiff's *current* request for fees as follows:

| NAME | TITLE/EXPERIENCE | HOURS[6] | RATE | TOTAL |
|---|---|---|---|---|
| Victor Thuesen | Attorney/34 years | 247.783 | $600 | $148,669.80 |
| Mark Thuesen | Attorney/5 years | 103.05 | $250 | $25,762.50 |
| TOTAL HOURS | | 350.833 | | |

| | |
|---|---|
| **REVISED LODESTAR REQUEST** | **$174,432.30** |
| **REQUESTED COSTS** | **$6,965.63** |
| **REVISED REQUEST FOR FEES AND COSTS** | **$181,397.93** |

---

[4] Victor Thuesen's itemization of his time reflects 260.10 hours of work. His total fee request, however, is based on approximately 250.483 hours of work.

[5] Mark Thuesen's itemization reflects only the amount of hours for which he seeks fees.

[6] To the extent that the Court deducts hours in determining the fee award, it will subtract said hours from the total number of hours requested for each attorney as reflected in this column.

United States District Court
Northern District of California

Home Depot opposes the fee request and asks this Court to exercise its discretion to deny the request in its entirety under *Chavez v. City of Los Angeles*, 47 Cal. 4th 970 (2010). Specifically, Home Depot argues this Court should deny (or drastically reduce) the fee award because: (1) the amount recovered ($24,000) could have been achieved in a limited civil action in state court; (2) the request is unreasonably inflated; and (3) Plaintiff's "limited success" in this action warrants an 80% lodestar reduction. Home Depot next argues that (4) the requested lodestar is not reasonable because Victor Thuesen's requested rate of $600 and the overall number of hours expended by both attorneys is excessive. Finally, Home Depot argues that (5) once the lodestar is calculated, certain factors warrant a reduction in the lodestar.

The Court will address each of the numbered topics above in turn.

### 1.    Complete Denial or Substantial Reduction of Fee Request under *Chavez*

Home Depot relies primarily on *Chavez v. City of Los Angeles* in urging the Court to deny the fee award outright. "[W]here a plaintiff brings an 'unlimited civil action' and yet recovers less than $25,000 (which is the maximum jurisdictional threshold for a streamlined 'limited' civil action), the trial court has greater discretion to *completely* deny the request for fees, particularly if it should have been evident or became evident to counsel during litigation of the unlikelihood that the case would result in damages in excess of the limited jurisdictional threshold." (Fee Opposition at 7 (emphasis in original).)[7]

The California Supreme Court confronted a specific issue in *Chavez*: where a party brings an action under FEHA not as a limited civil case, but recovers an amount that could have been awarded in a limited civil case, "does the trial court have discretion under [Cal. Code Civ. Proc.] section 1033(a) ["Section 1033(a)"] to deny that party's motion for attorney fees?" 47 Cal. 4th at 976.[8] In

---

[7] In California state court, "limited civil cases" are "subject to certain procedural restrictions intended to control the cost of litigation." *Chavez*, 47 Cal. 4th at 976 n.1 (citing Cal. Code Civ. Proc. §§ 92–98). One requirement of a "limited civil case" is that the amount in controversy does not exceed $25,000, exclusive of attorneys' fees, interest, and costs. *See* Cal. Code Civ. Proc. § 85.

[8] The premise behind Section 1033(a) is that a plaintiff who could have brought a limited civil case but obtains a judgment for less than $25,000 "did not take advantage of the cost- and time-saving advantages of limited civil case procedures." 47 Cal. 4th at 982. Its purpose is to encourage plaintiffs to bring actions as limited civil cases when "reasonably practicable." *Id.* at 988.

considering the proper interaction between Section 1033(a) and FEHA, the court explained that the FEHA attorneys' fee provision in Cal. Gov't Code section 12965(b) was intended to provide fair compensation to the attorneys involved in the litigation and encourage litigation of claims that in the public interest merit litigation. *Id.* at 984 (citing *Flannery v. Prentice*, 26 Cal. 4th 572, 584 (2001)).

In *Chavez*, plaintiff (a police officer) filed a number of lawsuits in federal and state court against the City and numerous individual defendants for discrimination, harassment, and retaliation. The courts dismissed each of these lawsuits. The operative complaint in *Chavez* was filed in Superior Court against the City and three individual defendants for (i) employment discrimination and harassment on the basis of a perceived mental disability, and (ii) retaliation for submitting various FEHA administrative complaints and filing his previous lawsuits asserting FEHA claims. *Id.* at 977–80. The Superior Court conducted a five-day trial. The court granted a motion for non-suit as to one individual defendant, and the jury found for defendants on the claim for discrimination based on a perceived mental disability. On the retaliation claim, "the jury found that plaintiff had engaged in protected activity, that defendant Ward rescinded plaintiff's transfer, that plaintiff's protected activity was a motivating factor in defendant Ward's decision to rescind the transfer, and that the transfer rescission proximately caused plaintiff $1,500 in economic damages . . . and $10,000 in noneconomic damages." *Id.* at 980. Plaintiff's counsel filed a motion for costs in the amount of $13,144.26 and attorney fees in the amount of $436,602.75, based on 1,851.43 hours of work "including services performed in the prosecution of the previous state and federal lawsuits." *Id.* at 981. Counsel later amended the motion for fees to add a "'2x' multiplier to the 'lodestar' calculation," such that the total fee request for Chavez's attorney increased to $870,935.50. *Id.*

Ultimately, the court held that "[S]ection 1033(a) . . . applies to actions asserting FEHA claims." 47 Cal. 4th at 989. In determining whether a FEHA action should have been brought as a limited civil case, a court must not only consider the underlying policy of FEHA, but it "should evaluate the entire case in light of the information that was known, or should have been known, by the plaintiff's attorney when the action was initially filed and as it developed thereafter." *Id.* at 986 (cautioning trials courts to avoid using "hindsight bias" when deciding what was reasonable when the action was initiated). If it was reasonable for counsel to believe he/she could expect to be able to

1    present evidence supporting a FEHA damages award in excess of $25,000, "the trial court should not

2    deny attorney fees" merely because the jury rejected the plaintiff's evidence and/or did not draw

3    inferences in plaintiff's favor.  *Id.*  "But if . . . the trial court is *firmly persuaded* that the plaintiff's

4    attorney had *no reasonable basis* to anticipate a FEHA damages award [of $25,000 or more], and also

5    that the action could have been fairly and effectively litigated as a limited civil case, the trial court

6    *may deny*, in whole or in part, the plaintiff's claim for attorney fees and other litigation costs."  *Id.* at

7    987 (emphasis supplied).

8          The court further held that fees may be reduced based on the extent of a plaintiff's success.

9    Namely, where a plaintiff succeeds on some claims but not others, "fees are not awarded for time

10   spent litigating claims unrelated to the successful ones."  47 Cal. 4th at 989 (citations omitted)

11   (noting, however, that fees are not reduced when plaintiff prevails on "only one of several factually

12   related and closely intertwined claims").  Fees may also be denied or reduced for the "special

13   circumstance" where a fee request is "unreasonably inflated."  *Id.* at 990.[9]

14         Home Depot argues that based on the nominal $24,000 settlement, this action "should have

15   been brought as a limited civil case" (*Chavez*, 47 Cal. 4th at 991) and could have been fairly litigated

16   as such "based on the dearth of evidence to support Plaintiff's damages claim."  (Fee Opposition at

17   8.)  It contends that from the outset, Plaintiff's claims had "dubious merit," that counsel knew from

18   the beginning there was little evidence to support the claims, and he ultimately settled the action when

19   it became clear that Lota could not prevail.  (*See id.* at 11–12.)  Home Depot concludes that by any

20   objective standard the requested award of $183,443.13 cannot be justified based on a $24,000 award.

21         The Court declines to exercise its discretion to deny the entire fee request.  Under *Chavez*, a

22   court that is "*firmly persuaded* that the plaintiff's attorney had *no reasonable basis* to anticipate a

23   FEHA damages award [of $25,000 or more] . . . may deny, in whole or in part" the fee request.  *Id.* at

24   987 (emphasis supplied).  Having never ruled on a motion to dismiss or motion for summary

25

26   _____

     [9] The California Supreme Court held that the trial court did not abuse its discretion in denying
27   Chavez's counsel's fee request because it was "grossly inflated when considered in light of the single
     claim on which plaintiff succeeded, the amount of damages awarded on that claim, and the amount of
28   time an attorney might reasonably expect to spend litigation such a claim."  47 Cal. 4th at 991.

United States District Court

Northern District of California

judgment, this Court never had the opportunity to form an opinion on the merits of this action, nor

will it do so now.  The Court is not "firmly persuaded" that it should deny fees entirely based on

Home Depot's self-serving characterizations that this action had "dubious merit" and could never

have obtained more than $25,000.[10]  While the parties clearly have differing interpretations about

what this case is about, Plaintiff asserts that this case centered on reasonable accommodations for his

known mental disability, not simply being discharged for public urination.  Based upon this theory,

Home Depot itself bears some responsibility for the incident giving rise to the termination—*i.e.*, by

not reasonably accommodating the Lota, Hope Depot set him up for failure.   Home Depot further

fails to acknowledge that, here, neither a jury nor this Court determined that Plaintiff's claims did not

have merit.  Rather, Home Depot made a calculated decision to extend an offer of $24,000 to settle

this action, which it claims was based solely on the cost of the defense.[11]  Lota decided to accept that

offer, which constituted for Lota one year's salary, in lieu of pursuing litigation.  The Court cannot

assume that the action was only "worth" $24,000 simply because that was the offer ultimately

accepted, and that its acceptance did not also reflect the risks and emotional cost of proceeding to trial

with a plaintiff having a mental disability.

> ## 2.     Complete Denial or Substantial Reduction for "Unreasonably Inflated" Fee Application

Home Depot next argues that a denial or reduction is warranted because Plaintiff's

counsel "submitted an unreasonably inflated fee application."  (Fee Opposition at 12.)  In support of

this request, Home Depot submitted the Declaration of John S. Pierce in Support of Home Depot

U.S.A., Inc.'s Opposition to Plaintiff's Motion for Award of Attorneys' Fees ("Pierce Decl."), with

---

[10] The Court is further concerned by the implications of Home Depot's request in a situation where, as here, Defendant offered an amount just below the $25,000 threshold applicable to a limited civil case and now seeks to use that amount as a way to eliminate an award of attorneys' fees altogether.

[11] Home Depot states that "[t]he cost to Home Depot in defending this case has been considerable and was the sole reason it offered and paid the $24,000 ransom to settle a 'pee case.'" (Fee Opposition at 11.)  The Court admonishes Home Depot's counsel for using a blatantly derogatory phrase to describe this action.  Counsel is reminded that attorneys practicing before this Court are <u>required</u> to act with professionalism and respect when presenting matters to this Court and interacting with opposing counsel.

10

United States District Court

Northern District of California

numerous exhibits.  (*See* Dkt. Nos. 96 & 99.)[12]  According to Mr. Pierce, at least $95,657.62 in fees should be excluded as unreasonable and unnecessary.  (Dkt. No. 96, Ex. A (Expert Report).)[13]  Based on *Chavez*, Home Depot argues this is a "special circumstance" justifying an outright denial or substantial reduction in fees.  (Fee Opposition at 12 (citing *Chavez*, 47 Cal. 4th at 990) (further citations omitted).)

The Court declines to deny the fee request because Home Depot characterizes the request as unreasonably inflated.  The Court notes an important distinction between the case at hand and the fee request in *Chavez*: the attorney in *Chavez* amended her fee request to include a multiplier of 2.0 as an enhancement.  47 Cal. 4th at 981.  Here, counsel seeks their lodestar without any enhancement.[14]  Home Depot has presented no persuasive reason for the Court to believe that the lodestar request is made in bad faith.  To the extent that the Court determines fees for particular services are either unnecessary or unreasonable, the Court will deduct appropriate amounts in its lodestar analysis.

### 3.    Substantial Reduction Based on Plaintiff's "Limited Success"

Home Depot contends that the $24,000 settlement measured against the "claimed damages of at least $595,000–$845,000"—as set forth in Lota's discovery responses—represents an award of 2.84–4.03% of the claimed damages.  (Fee Opposition at 10.)  Home Depot concludes this is a "limited success" and that because "[c]learly, no reasonable person would pay $183,000 to win $24,000," the Court must reduce the fee award to reflect an amount reasonable in relation to the

---

[12] The Court notes that Dkt. No. 99 is an errata of the original Pierce Declaration filed at Dkt. No. 96. In the errata, Home Depot failed to explain why the errata was necessary or to explain the substantive differences.  Further, Home Depot subsequently provided the Court with a copy of the original Pierce Declaration, plus exhibits, with created additional confusion regarding the operative documents on this Fee Motion.

[13] While Home Depot filed an errata of the Pierce Declaration, it appears that it did not provide an errata version of the Expert Report attached as Exhibit A to the original Pierce Declaration at Dkt. No. 96.  Accordingly, the Court will consider the Expert Report at Dkt. No. 96, but the exhibits thereto contained in Dkt. No. 99.

[14] Moreover, the $870,935.50 fee request in *Chavez* represented approximately 75.73 times the amount of the $11,500 jury award.  By contrast, Plaintiff's current request of $174,432.30 in fees represents approximately 7.268 times the $24,000 settlement.

United States District Court
Northern District of California

1  results obtained.  (*Id.* at 1, 9–10.)  In support of a reduction, Home Depot emphasizes that in *Moralez*

2  *v. Whole Foods Market, Inc.*, the Honorable Charles Breyer reduced a fee request by 80% where

3  plaintiff accepted a $20,000 offer under Fed. R. Civ. P. 68 and plaintiff's attorneys sought $167,431

4  in fees.  No. C 12-01072 CRB, 2013 WL 3967639, at *1–2 & 6–7 (N.D. Cal. July 31, 2013).[15]

5       Plaintiff responds that he never demanded the $595,000–$845,000 figures provided in his

6  discovery responses.  Rather, he provided that information in response to an interrogatory seeking the

7  full amount of non-economic damages suffered by Lota as a result of Home Depot's conduct.  More

8  accurately, Lota's last settlement demand was for $175,000, including attorneys' fees and costs.

9  (Declaration of Victor C. Thuesen in Reply to Home Depot's Opposition to Motion for Award of

10  Attorneys' Fees and Costs ["V. Thuesen Reply Decl." (Dkt. No. 101)] ¶¶ 2–3.)

11       Moreover, Plaintiff asserts that a court should not be focused solely on strict proportionality

12  between the relief obtained and attorneys' fees, but rather, "a district court, in fixing fees, is obligated

13  to give primary consideration to the amount of damages awarded as compared to the amount sought."

14  (Fee Reply at 7 (citing *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (holding that a civil rights plaintiff

15  obtaining nominal damages can be a prevailing party eligible for attorneys' fees under 42 U.S.C. §

16  1988)).)  In this case, counsel agreed to represent Lota on a contingency basis and obtained an award

17  totaling more than one year of his salary.  Further, this action is distinguishable from the numerous

18  cases cited by Home Depot, where, for example, a jury awarded a verdict for plaintiff on only one of

19  many claims or against only one of many defendants for an amount significantly less than the amount

20  sought.  Simply put, Lota argues no reduction is warranted because this is not a case involving

21  unusual circumstances that would render the award unjust.

---

[15] *Moralez* was an access case brought under the Americans with Disabilities Act ("ADA").  With
regard to the argument that fees were necessary to encourage competent attorneys to handle ADA
cases, Judge Breyer—who relied in part on *Chavez* in his decision—indicated that the *Moralez*
judgment did not have any broad public impact or result in a significant benefit to anyone except
Moralez.  2013 WL 3967639, at *6.  In fact, there, a "class-action settlement involving Whole Foods
had already been incorporated into a judgment in [a] state court [case]," which was also requiring the
store at issue to be altered in compliance with the ADA.  *Id.*  Notably, Moralez's counsel sought
almost 80% of the fee award received by counsel in the state court case, which had resulted in
remediation of approximately 60 Whole Foods stores in California.

The Court agrees with Plaintiff that an 80% across-the-board reduction is not appropriate here based solely on "limited success." "Under both California and federal law, a fee award must be adjusted to reflect limited success." *Muniz v. United Parcel Serv., Inc.*, No. 11-17282, 2013 WL 6284357, at *5 (9th Cir. Dec. 5, 2013); *see id.* at *8 ("*Farrar* [*v. Hobby*] permits but does not require a reduction in fees where only nominal or minimal damages are awarded"). As stated in *Chavez*, a trial court should adjust the lodestar to account for time spent exclusively on unsuccessful claims. 47 Cal. 4th at 989. Here, however, the Court cannot distinguish between successful and unsuccessful claims because the Offer of Judgment related to "all pending claims." (Dkt. No. 64.) This is not a situation where a jury or this Court determined that only one particular claim had merit, but the others did not. While the Court recognizes that $24,000 is significantly less than Lota's last demand of $175,000, the judgment in this case resulted from a bargain between the parties, which Lota chose to accept based on a number of factors, including the fact that $24,000 constitutes more than one year's worth of earnings.[16]

Finally, this situation is markedly different than *Moralez*, where Judge Breyer found that plaintiff achieved limited success largely due to the fact that a judgment in a prior state court action had already provided much of the relief sought. The Court will not criticize the judgment of Plaintiff's counsel or Lota's guardian ad litem in accepting the sum offered by Home Depot, nor will the Court deem its acceptance to be an automatic "limited success" warranting a drastic reduction in fees where there are objective and colorable reasons supporting said acceptance.

### 4. Lodestar Calculation

#### a. Number of Hours Worked

Based on the concessions and withdrawal of particular hours with the Fee Reply, Plaintiff's counsel presently seeks an award based on 247.783 hours for Victor Thuesen and

---

[16] Home Depot argues that the appointment of a guardian ad litem "limited [Lota's] ability to provide any competent evidence to support his liability or damages claims" and foreclosed his ability to prove his case. (Fee Opposition at 11.) The Court also notes, though, that the fact that Mr. Lota has a mental disability and the difficulties associated with providing evidence are also valid reasons to have accepted the settlement despite counsel's belief that the case was worth more. (*See* Declaration of Victor C. Thuesen in Support of Motion for Award of Attorneys' Fees and Costs ["V. Thuesen Decl." (Dkt. No. 87)] ¶ 20.)

United States District Court
Northern District of California

103.05 hours for Mark Thuesen.  Home Depot argues that reductions are warranted for the following reasons: (i) hours spent on Plaintiff's bankruptcy matters are not recoverable; (ii) hours spent on appointment of a guardian ad litem counsel are not recoverable; (iii) counsel improperly billed for administrative and/or clerical tasks; (iv) hours resulting from the attendance of multiple attorneys were unnecessary and thus not recoverable; (v) excessive time should be reduced; and (vi) counsel's records and block-billing practices have generated unreasonable fees.  The Court will address Home Depot's numerous objections to particular time entries in turn.

### i.     Bankruptcy Proceedings

Home Depot argues that work unrelated to the underlying litigation is not recoverable because it was not necessary to this action.  Here, Plaintiff's counsel's requested award includes hours spent reopening Plaintiff's bankruptcy estate.[17]  Home Depot argues that the bankruptcy issue should have been addressed prior to initiating the lawsuit because it affected Mr. Lota's standing to bring suit and, therefore, hours spent to correct the bankruptcy issues should be not compensated.

Lota argues that counsel expended the time necessary to resurrect the bankruptcy action in order to defeat Home Depot's intended motion to dismiss.  He argues these actions were "necessary and appropriate to assure the continued viability of the case."  (V. Thuesen Decl. ¶ 30.)

The Court agrees with Home Depot that work related to Plaintiff's bankruptcy and/or research into judicial estoppel is not recoverable as part of this Fee Motion.  While Plaintiff's counsel views this work as allowing the instant action to continue, the Court finds that the work performed fundamentally related to a separate legal proceeding.

Mr. Pierce has identified 19.3 hours of work by Victor Thuesen and 18.5 hours by Mark Thuesen relating to the bankruptcy proceedings or research relating to the same.  (Expert Report, Ex.

---

[17] Plaintiff and his wife filed for bankruptcy as a result of his discharge by Home Depot.  They did not list Mr. Lota's claims against Home Depot as a potential asset in the bankruptcy schedules.  The bankruptcy was discharged on June 7, 2011.  Home Depot intended to file a motion to dismiss based on judicial estoppel, which was never filed.  Prior to the Offer of Judgment, Home Depot filed a letter with the Court requesting a pre-filing conference seeking leave to file a motion for summary judgment.  In that letter, Home Depot indicated it would move for summary judgment, in part, based on judicial estoppel.  (Dkt. No. 61.)

C-1.)  Plaintiff did not dispute this itemization of hours in his Reply.  However, the Court makes the following determinations regarding the appropriate deductions for bankruptcy-related work:

- Of the 19.3 hours of work that Mr. Pierce has associated with Victor Thuesen for bankruptcy-related work, Mr. Pierce has failed to account for the fact that Victor has not charged for 0.6 hours of that time.  Accordingly, the Court will deduct 18.7 hours of Victor's time for this work.

- Of the 18.5 hours of work that Mr. Pierce has associated with Mark Thuesen, the Court has already deducted 7.0 hours for depositions that occurred on 1/23/13.  Accordingly, the Court will deduct 11.5 hours of Mark's time for bankruptcy-related work.

In sum, the Court will deduct <u>18.7 and 11.5 hours from Victor and Mark's time</u>, respectively, because the work performed was not related to the instant action.

### ii.      Appointment of Guardian Ad Litem

Home Depot next argues that fees should not be awarded for work relating to Mr. Lota's guardian ad litem petition because "this issue should have been addressed before this lawsuit was even filed since the need for a [guardian ad litem] shows that Plaintiff was not competent to file this lawsuit in the first place."  (Fee Opposition at 16 (unreasonable to bring petition until five months later).)

Plaintiff's counsel stated that "the extent of Mr. Lota's disabilities became apparent" after filing the complaint.  (V. Thuesen Decl. ¶ 19.)  Thereafter, counsel requested that the Court appoint Ms. Lota as Plaintiff's guardian ad litem.

The Court declines to reduce fees relating to the guardian ad litem petition.  While Home Depot argues that counsel should have immediately known that Mr. Lota lacked capacity, the Court has no basis to (i) know what transpired between Mr. Lota and his attorneys early in this litigation to know how apparent Mr. Lota's mental difficulties were to counsel, nor (ii) to question counsel's judgment in deciding to petition for a guardian ad litem when he did.  Even if counsel had decided to file the petition earlier in this action, no persuasive reason has been presented indicating that the same number of hours would not have been incurred.

Because Home Depot does not argue for reductions based on particular guardian-related time entries and the Court does not find said time entries to be unreasonable in and of themselves, the Court declines to subtract hours for this work, which was necessary and prudent to proceed with this action.

### iii.    Administrative or Clerical Tasks

Home Depot identifies 4.68 hours attributable to administrative or clerical tasks, which are not recoverable because they are considered part of normal overhead costs. (Fee Opposition at 17 (citing *Keith v. Volpe*, 644 F. Supp. 1312, 1316 (C.D. Cal. 1986).)  It argues that "filing" documents and "conveying" communications, pleadings, and other documents are clerical in nature.  (Fee Opposition at 18.)  In addition, Home Depot's expert, Mr. Pierce, asserts that calendaring dates is not recoverable and is a task that is traditionally performed by law firm staff.

Lota responds that the purportedly "administrative" tasks identified by Home Depot did require skills of an attorney and Home Depot's claims should be rejected as conclusory and unsubstantiated.

The Court has reviewed the entries identified by Home Depot's expert at Exhibit I-1 to his Expert Report.[18]  The Court finds as follows with regard to Victor Thuesen's time entries:

- The Court will allow the 1.3 hour time entry on 12/4/11.  The scheduling order which counsel reviewed and calendared contained references to Local Rules and the Federal Rules of Civil Procedure.  It would be reasonable for an attorney reviewing the scheduling order to also check the rules being referenced to understand the matters being calendared.  Moreover, although counsel block-billed this entry with other tasks, the total amount of time spent is reasonable.

- The Court will <u>deduct a total of 0.35 hours</u> for the entries on 1/25/13 and 2/13/13. This Court's review of the referenced orders reveals that no legal judgment was necessary to understand or calendar those matters.  Because the "calendar" entry

---

[18] The Court notes that Exhibit I-1 to Mr. Pierce's Expert Report reflects that 4.68 hours were billed for administrative or clerical tasks.  However, the time entries identified in the "Entry Hours" column of Exhibit I-1 actually total 5.9 hours.

United States District Court
Northern District of California

was block-billed with the substantive task of reviewing the Court's order for each entry, the Court will deduct half the time for each entry for calendaring.

• The Court will <u>deduct a total of 3.9 hours</u> for the entries on 2/6/13, 2/7/13, and 2/11/13 where Victor Thuesen reviewed co-counsel's timesheets for accuracy and completeness and discussed the same with co-counsel or opposing counsel. The Court views this task as administrative in nature.

In sum, the Court <u>deducts 4.25 hours for administrative work performed by Victor Thuesen</u>.

### iv.      Attendance of Multiple Attorneys

Home Depot argues that both Victor and Mark Thuesen were not required to appear at hearings, conferences, and depositions and that fees for both their appearances are not recoverable.[19]  Specifically, it argues that only the lead attorney, Victor, was needed at events like the mediation and depositions.  Home Depot requests that 24.3 of Mark Thuesen's hours be deducted from the fee award.

In the Fee Reply, Plaintiff concedes that Mark's time entry for 7 hours on January 23, 2013 may not have been necessary—which the Court has already deducted from the fee request in Section II.B, *supra*.  In addition, Plaintiff notes that Home Depot was often represented by two or more attorneys on certain matters, including the settlement conference.

The Court finds that, as a general rule, multiple appearances or time entries reflecting attendance at the same event are not per se unreasonable.  It is not uncommon for multiple attorneys working on a matter to appear at depositions, participate in deposition preparation, attend client meetings, attend mediations or settlement conferences, or participate on telephone calls relating to the litigation.  However, the Court will examine the underlying entries to determine whether the presence of both Victor and Mark was reasonable at events in the context of this case.  The Court finds as follows:

• The Court will <u>deduct 1.0 hours</u> for Mark's attendance at the client meeting on 10/20/12 during which counsel conducted deposition preparation.  Because Mark

---

[19] Although Home Depot and Mr. Pierce found it worth mentioning repeatedly, the Court finds the fact that Victor and Mark are father and son to be irrelevant to this Fee Motion.

United States District Court
Northern District of California

does not seek fees for his attendance at Mr. Lota's deposition taken two days later, the Court finds it would not be reasonable to award him fees for the 10/20/12 deposition preparation.

- The Court will deduct 5.0 hours for Mark's attendance at the mediation session on 10/30/12. In the Court's experience, attendance of the junior attorney at a mediation session is not necessary.

- The Court will deduct 0.50 hours for Mark's attendance on a telephone call with the mediator on 12/10/12. The Court finds that it was only necessary for one attorney to be on that call.

- The Court will deduct 0.30 hours for Mark's telephonic appearance at a compliance hearing with the Court on 5/31/13. Again, the Court finds it was only necessary for one attorney to be on that call.

- The Court will deduct Mark's 4.5 hours for attending the mandatory settlement conference on 8/30/13. Despite the fact that Home Depot may have sent two attorneys to the settlement conference, the Court does not believe that the presence of two attorneys was necessary.

For a number of the other entries identified in Exhibit J-1, the Court finds that either Victor or Mark elected not to seek fees for their appearance at the specific event or they have agreed in the reply papers to withdraw the request for fees (which already have been deducted by the Court in Section II.B, *supra*). In sum, the Court will deduct a total of 11.3 hours of Mark's time for unnecessary attendance at events where Victor also attended.

### v.    Excessive Time Entries

Home Depot argues Plaintiff's counsel is not entitled to recover for inefficient or duplicative efforts. It argues that counsel conducted "excessive" legal research on "threshold legal issues that any attorney specializing in this area should already know" regarding the defense of failure to exhaust administrative remedies, standing and judicial estoppel relating to the bankruptcy, the requirements of a subpoena for business records, and service of a Rule 68 offer. (Fee Opposition at 19.) It also identifies as duplicative and excessive the time billed for the pending Fee

18

1   Motion, which is "very similar" to the settlement conference statement that they had already prepared.

2   (*Id.* at 20.)  In addition, it argues travel time must be deducted.[20]

3          Plaintiff disputes that the legal research entries are excessive, but, as noted above, agrees to

4   withdraw the travel time.  In addition, Plaintiff argues that a total of 70 hours for drafting the

5   settlement conference statement and Fee Motion are not unreasonable.  The Court notes, however,

6   that Mr. Pierce's Expert Report identifies 32.5 hours by Victor[21] and 14.65 hours by Mark associated

7   with the Fee Motion and settlement conference statement.  (*See* Expert Report, Ex. K-1.)

8          The Court finds that the legal research entries identified by Home Depot are not unreasonable,

9   although the Court notes it has already deducted time for research associated with the bankruptcy.  As

10  to Home Depot's argument that the settlement conference statement is "similar" to the Fee Motion,

11  the Court cannot independently confirm this conclusion, as the settlement conference statement is

12  provided only to the Magistrate Judge presiding over the conference.[22]  However, the Court observes

13  that with regard to the preparation of the Fee Motion, Mark's 3.6-hour time entry on 5/27/13 does not

14  appear to have been necessary or reasonable given the amount of hours already expended by Victor

15  prior to that date.  In addition, the Court finds that in light of Victor spending 8 hours preparing the

16  initial draft of the settlement conference statement and finalizing the same, Mark's 2.75 hours

17  preparing and reviewing prior to that date (on 8/1/13 and 8/3/13) may not have been necessary.

18

19

20  [20] In the Fee Opposition, Home Depot states that "[a]dditional excessive time entries are noted in the Declaration of Jill V. Cartwright."  (Fee Opposition at 20.)  In said declaration, Ms. Cartwright

21  provides a laundry list of entries that are "[u]nnecessary, redundant, vague, and excessively billed hours" without identifying the specific objection as to each entry.  Having failed to sufficiently

22  identify the objection, the Court will focus on the "Duplicative Activities" identified at Exhibit K to Mr. Pierce's Expert Report, which correspond to the arguments made in the Opposition.

23

24  [21] Exhibit K-1 mistakenly reflects a 1.0 hour entry for Victor on 5/31/13.  Victor's itemization

25  actually reflects 2.0 hours on that date related to the Fee Motion.

26  [22] Given the sheer volume of objections Home Depot has raised on this Fee Motion, it is not surprising that Plaintiff's counsel has been required to spend a significant amount of time on both the

27  settlement conference statement and the Fee Motion.  The Court will not penalize Plaintiff's counsel for their efforts to obtain their fee award by the instant Motion after the Court-ordered settlement

28  conference did not succeed.

United States District Court
Northern District of California

1    Accordingly, the Court will deduct 6.35 hours of Mark's time for work performed on the Fee Motion

2    and settlement conference statement.

3                                  **vi.      Records and Block-Billing Practices**

4                Home Depot argues that counsel's billing records "fail to contain

5    sufficient descriptions to justify the time claimed, or, equally important, to allow Home Depot or the

6    Court to analyze whether the time claimed was reasonable or related to the lawsuit as opposed to the

7    [guardian ad litem] motion or bankruptcy." (Fee Opposition at 21.)  It identifies Exhibits E-1 and F-1

8    of Mr. Pierce's Expert Report as reflecting the vague time entries.  Mr. Pierce opines at length on the

9    impropriety of billing in half hour or whole hour increments.  Based on Mr. Pierce's observations, he

10   states that both Victor and Mark "regularly engaged in th[is] inflationary billing practice" and,

11   specifically, 89% of Victor's entries were billed in whole or half hours.  (Expert Report at 8–9.)

12          In addition, Home Depot argues that reasonableness of the entries cannot be determined due to

13   block-billing.  As such, it urges the Court to apply a 20% reduction to the entire fee request, which is

14   "customary" for block-billing, if not a larger reduction.  (*Id.* & Ex. G-1 (identifying 44.5 hours block-

15   billed by Victor Thuesen).)

16          Plaintiff disputes that a 20% deduction is appropriate and argues that its time descriptions are

17   sufficiently clear.  In addition, both Victor and Mark have attested that they bill their time in one-tenth

18   of an hour increments, not by the half or full hour.  (V. Thuesen Reply Decl. ¶ 5; M. Thuesen Reply

19   Decl. ¶ 2.)  As to Victor, he also attests that he often rounds time down to the half or full hour when

20   reviewing bills and schedules hourly blocks of time to devote to significant tasks.  (V. Thuesen Reply

21   Decl. ¶¶ 5–6.)

22          The Court is not persuaded that the existence of time entries totaling a half or full hour are

23   indicative of billing by those increments.  (*See* Exs. E and F to Expert Report.)  Counsel has attested

24   that this is not their practice.  As to the high percentage of entries billed in half or whole hours, the

25   Court is satisfied with Victor's explanation regarding rounding down his time and/or purposefully

26   scheduling hourly blocks of time to work on specific tasks.  The Court will not indulge Mr. Pierce's

27   speculation and apply a significant deduction based on the same.

28

United States District Court
Northern District of California

As to whether time entries are block-billed, the Court agrees that a number of Victor's time entries are block-billed.  (*See* Exs. G and H to Expert Report.)  As to Home Depot's argument that the Court is unable to determine the nature of the task, the Court finds that most entries contain enough information such that the Court can discern the work performed.  For example, counsel often referenced that specific tasks related to the "same"—as in, it was related to the prior task of the same entry.  However, the Court agrees that given the block-billing, it is difficult to determine whether the amount of time on each task is reasonable.  As Mr. Pierce's Expert Report and the authorities cited therein makes clear, it is within this Court's discretion to make deductions for block-billing, and courts in this district have applied deductions ranging from 10% to 30%.

Based on Exhibit G-1 to the Expert Report, Mr. Pierce has identified 44.5 hours of Victor's block-billed time for increments over one hour.  Given that a number of these entries are for significant amounts of time and that the Court has difficulty determining the reasonableness of each block-billed task, the Court will apply a 15% reduction to the identified 44.5 hours.[23]  The Court notes that it applies this middle to lower-end deduction because for a number of the smaller identified entries, the Court does not find the overall amount of time spent to be unreasonable, even though it cannot make the same determination as to the block-billed tasks.  Accordingly, the Court will <u>reduce Victor's Thuesen's hours by 6.675 hours</u>.

In sum, the Court will calculate the lodestar amount based on the following number of hours:

| NAME | TITLE | HOURS |
|---|---|---|
| Victor Thuesen | Attorney | 218.158 |
| Mark Thuesen | Attorney | 73.9 |

**b.**     **Reasonable Hourly Rates**

Plaintiff's current requested lodestar amount is based on his attorneys working a total of 350.833 hours at current billing rates of $600 (Victor Thuesen) and $250 (Mark Thuesen).  He identifies the Northern District of California as the relevant forum community against which the

---

[23] The Court does not find it to be appropriate to apply an across-the-board deduction, as requested by Home Depot.  Having identified specific block-billed entries, the Court finds those identified hours are appropriate for reduction in some form.

requested hourly rates should be compared to determine the reasonable market value of Lota's attorneys' services. Plaintiff's evidence in support of the requested hourly rates consists of declarations from Victor and Mark, in addition to the declarations of Jean K. Hyams, Arthur Lazear, Joseph E. Maloney, and Barbara Giuffre—all Bay Area attorneys practicing in employment litigation. Plaintiff also submits the expert declaration of Richard M. Pearl in support of the hourly rates sought.

Home Depot challenges only the $600 requested rate for Victor Thuesen. Mr. Pierce opines that a rate of "$415 per hour is reasonable for a solo practitioner of [Victor] Thuesen's experience litigation a single-plaintiff discrimination lawsuit." (Fee Opposition at 16 (citing Expert Report).)

Because Mark Thuesen's requested rate of $250 is not challenged by Home Depot and was found reasonable by Mr. Pierce, the Court will adopt an hourly rate of $250 for Mark's services. The Court will address the evidence in support of Victor Thuesen's requested rate in turn below.

Victor Thuesen's Declarations:  Victor Thuesen graduated from law school in 1979 and has maintained a civil litigation practice with an emphasis on employment and civil rights law since 1980. (V. Thuesen Decl. ¶¶ 6, 7.) He has "tried employment cases to substantial verdicts for plaintiffs before federal and state courts and/or juries in Alameda, Contra Costa, Santa Clara, San Francisco, Marin, Sonoma and Sacramento counties," but does not specify how many trials he has had nor the amounts of favorable verdicts or any attorneys' fees awarded. (*Id.* ¶ 9; *see also id.* ¶ 12 (stating he has been awarded fees on multiple occasions without specifying the fees awarded).) In his Reply Declaration, however, Mr. Thuesen states that his most recent fee award was an award for sanctions in the Northern District against a San Francisco law firm: "[t]he fee award was based on the rate of $500 hourly for work performed in 2011. [His] hourly rate in 2009 through 2011 was $500 for non-contingent work." (V. Thuesen Reply Decl. ¶ 8.)

Mr. Thuesen taught labor and/or employment discrimination law from 1979 to 1988, and now teaches an annual seminar for lawyers regarding "Recent Developments in Labor and Employment Law" given by the California State Bar. (V. Thuesen Decl. ¶ 7.) Mr. Thuesen has served as an expert witness in a fee matter on one occasion, and has served as a fee arbitrator on several occasions. (*Id.* ¶ 12.) He states that he is familiar with the standards for awarding fees on fee motions and with the hourly rates charged by or awarded to attorneys of similar skill and experience in Northern California.

Mr. Thuesen states that he typically declines most employment discrimination claims brought to his office and can only afford to take on a limited number at one time.  He states that "[m]ost civil rights plaintiffs cannot afford to pay all or any substantial part of the costs or fees that are likely to be incurred in an employment discrimination case.  Such cases must be taken on a contingency fee basis.  It is also [his] experience that civil rights cases almost always depend on circumstantial evidence and that defendants generally defend with particular vigor."  (V. Thuesen Decl. ¶ 8.)  When Mr. Thuesen accepts cases on contingency, he expects to receive $600 or more for all hours reasonably expended.  (*Id.* ¶ 10.)  Mr. Thuesen recently concluded a wrongful discharge case resulting in a seven-figure award for his client; that case lasted 2 years and 9 months, and under the fee agreement, he is to receive 40% of the total recovery.  (*Id.* ("My hourly rate in that case will exceed $900.00 hourly.").  He does not provide the name of this case nor the court presiding over the matter.

Home Depot argues that Mr. Thuesen has presented insufficient evidence supporting his "astronomical" $600 per hour rate.  (Fee Opposition at 15.)  It contends his declaration lacks evidence regarding fees that he has been awarded in previous litigation, and that Home Depot was unable to locate any district court cases showing fees he has been awarded.

<u>Declaration of Jean K. Hyams in Support of Motion for Award of Attorneys' Fees and Costs</u> ("Hyams Decl." [Dkt. No. 89]):  Ms. Hyams is a partner at Levy Vinick Burrell Hyams LLP, which practices almost exclusively on representation of employees in discrimination, retaliation, harassment, wrongful termination, and other employee disputes.  (Hyams Decl. ¶ 3.)  She graduated from Boalt Hall in 1989.  (*Id.* ¶ 8.)  She has served as a court-appointed mediator and private mediator.  (*Id.* ¶ 4.)  Ms. Hyams has litigated cases to trial and through arbitration, although the extent of her trial experience is unclear from her declaration.  (*See id.* ¶ 13.)

Ms. Hyam's hourly rate for 2013 is $600 per hour; in 2012, she charged $575 per hour.  (Hyams Decl. ¶ 18.)  She was awarded a fee of $465 per hour following a favorable jury verdict based on serving as lead trial counsel in a state court single plaintiff racial harassment and retaliation case in May of 2008.  (*Id.* ¶ 20 (1.2 multiplier also awarded for trial work).)  Her law partner, who practiced for seven years more than Ms. Hyams, received $500 as part of that same award.  (*Id.* ¶¶ 17, 20.)  In June of 2006, Ms. Hyams received an award of $425 per hour following a favorable jury

verdict in a state court single plaintiff sexual and racial harassment and retaliation case.  (*Id.* ¶ 21 (1.25 multiplier awarded).)  Ms. Hyams' declaration indicates she does not know Mr. Thuesen personally (*see id.* ¶ 23), but based on her familiarity with rates charged by attorneys specializing in employment discrimination in the Bay Area, is of the opinion that "Victor Thuesen's hourly rate of $600 is well within the market for attorneys of his experience" (*id.* ¶¶ 22, 24).

Home Depot's primary objection to the Hyams Declaration is that she fails to state whether she is acquainted with Mr. Thuesen's quality of work and bases her opinion on his year of admittance to the California Bar.[24]

Declaration of Arthur Lazear in Support of Motion for Award of Attorneys' Fees and Costs ("Lazear Decl." [Dkt. No. 90]): Mr. Lazear graduated from Boalt Hall in 1978.  (Lazear Decl. ¶ 2.) From 1978 to January 2013, he worked as an associate and partner at Hoffman & Lazear, formerly Hoffman & Associates.  Currently, he is a partner at Lazear Mack in Oakland.  (*Id.* ¶ 3.)  Mr. Lazear specializes in labor and employment law, including wage and hour litigation, employment discrimination, labor-management disputes, ERISA, and wrongful termination cases.  He has significant experience in class actions involving unpaid overtime and ERISA, many of which resulted in court-approved settlements or verdicts for plaintiffs followed by a damages settlement.  (*Id.* ¶ 4.) Mr. Lazear states that he has represented numerous individual employees in wrongful discharge cases and his current billing rate for employment litigation matters is $605 per hour.  (*Id.* ¶ 5 (stating "[t]hat rate has been approved by federal and state courts in attorneys [*sic*] fees [*sic*] awards").  Mr. Lazear indicates that his opinion on a reasonable rate is based on communications with attorneys in his field and his own research.  He "believe[s] that the hourly rate of $600 requested by Mr. Thuesen here is comparable to, or lower than, the rate charged by most experienced attorneys with similar skills and experience in this field."  (*Id.*)

---

[24] Home Depot also objects to the fact that Ms. Hyams, Mr. Lazear, and Ms. Giuffre are located in Oakland, and not Petaluma where Mr. Thuesen's offices are located.  In light of the fact that the task of this Court is not to determine the reasonable hourly rate of an attorney in Petaluma and that all of these attorneys practice in the Bay Area at large (as does Mr. Thuesen), the Court dismisses this argument without further discussion.

United States District Court

Northern District of California

Home Depot's objection to the Lazear Declaration is that his experience is primarily in class actions and ERISA actions, and therefore he does not have the requisite background to state that the $600 per hour request rate is reasonable for a single plaintiff discrimination lawsuit.

Declaration of Joseph E. Maloney in Support of Motion for Award of Attorneys' Fees and Costs ("Maloney Decl." [Dkt. No. 91]): Mr. Maloney graduated from McGeorge School of Law in 1980.  (Maloney Decl. ¶ 2 & Ex. A.)  From 1984 to 2006, he served as an Assistant United States Attorney ("AUSA") in the Civil Division of the Eastern District of California.  (*Id.* ¶ 3.)  He has been in private practice since 2006, primarily representing plaintiffs in employment cases.  Mr. Maloney states that while he served as an AUSA, he personally defended the United States in six employment discrimination cases opposite Mr. Thuesen.  (*Id.* ¶ 4.)  The United States lost all six cases.  Mr. Maloney believes that "Mr. Thuesen was the best employment discrimination attorney [he] ever opposed" and attests that "Mr. Thuesen always exhibited the highest standards of conduct in litigating" his cases.  (*Id.*)  Mr. Maloney is forthright in stating that he does not have an adequate basis to opine on the prevailing hourly rates in this district, but states his opinion that whatever the prevailing range is, "Mr. Thuesen's reasonably hourly rate should be at the upper end of that range based on his demonstrated skills and experience."  (*Id.* ¶ 5.)

Home Depot's objection to the Maloney Declaration is to point out that Mr. Maloney "fails to present information" regarding areas he clearly stated in his declaration that he did not have adequate basis to opine on.  As to the *substantive* information provided by Mr. Maloney regarding Mr. Thuesen's level of skill, Home Depot objects to nothing specific.

Declaration of Barbara Giuffre in Support of Motion for Award of Attorney's Fees and Costs ("Giuffre Decl." [Dkt. No. 92]): Ms. Giuffre graduated from the University of Virginia School of Law in 1985 and was admitted to the California Bar in 1992.  She served as a judicial law clerk in the Southern District of California and has practiced law in a number of firms in New York and California.  (Giuffre Decl. ¶ 2.)  She formed a solo practice in 1994 focusing on employment law, and has handled matters involving wage and hour, denials of leaves of absence from work due to illness, discrimination, harassment, retaliation, and whistleblowers.  (*Id.* ¶ 3.)  She is now a founding partner with the Work/Environment Law Group in San Francisco, where she continues to practice

25

United States District Court

Northern District of California

1  employment law.  In 1996, she served as co-counsel in a sexual harassment case in Sonoma County

2  Superior Court, where a jury awarded her client $500,000 plus attorneys' fees and costs.  (*Id.*)  She

3  served as co-counsel in a wrongful termination case before a federal jury in Oakland, which was

4  appealed and has been remanded for retrial.  (*Id.*)  Ms. Giuffre's hourly rate has increased at a rate of

5  $25 per year for the last three years, with her 2013 rate being $575 per hour.  (*Id.* ¶ 6.)  Her 2012 rate

6  of $550 has been approved twice recently, once in a contract dispute arbitrated at JAMS and again in

7  a Labor Code dispute in Sonoma County Superior Court in connection with a fee motion.  (*Id.* ¶ 7.)

8      As to the Giuffre Declaration, Home Depot objects to her "fail[ing] to mention anything about

9  Mr. Thuesen or that she has any familiarity with him and his competency."  (Fee Opposition at 15.)

10      Declaration of Richard M. Pearl in Support of Motion for Attorneys' Fees and Costs ("Pearl

11  Decl." [Dkt. No. 88]):  Mr. Pearl specializes in matters relating to court-awarded attorneys' fees and

12  has served as an expert witness, mediator, and arbitrator in fee disputes and related matters.  (Pearl

13  Decl. ¶ 1.)  He has also written extensively on court-awarded attorneys' fees.  (*Id.* ¶ 3.)  Mr. Pearl is

14  "frequently called upon to opine about the reasonableness of attorneys' fees" and has been asked to

15  render an opinion on the reasonableness of fees in this matter.  (*Id.* ¶ 1, 6.)

16      Mr. Pearl opines that "the hourly rates requested by Plaintiff's attorneys are well in line with

17  the non-contingent market rates charged for reasonably similar services by San Francisco Bay Area

18  attorneys of reasonably similar qualifications and experience."  (*Id.* ¶ 8.)  Mr. Pearl supports his

19  opinion by referencing numerous cases in federal and state courts in California wherein hourly rates

20  similar to those requested herein were approved by courts.  (*Id.* ¶ 9 (reflecting 2010–2012 rates).)

21  Most notably, Mr. Pearl references a FEHA and civil rights case filed by an individual in the Northern

22  District of California in 2012, wherein hourly rates of $750, $675, $300, and $265 were awarded to

23  attorneys with 33, 29, 6, and 4 years of experience, respectively.  *See Davis v. Prison Health Servs.*,

24  No. C 09-2629 SI, 2012 WL 4462520, at *9–10  (N.D. Cal. Sept. 25, 2012).  Mr. Pearl also provides

25  certain "Rates Charged by Other Law Firms" with offices in California, providing years of experience

26  of attorneys and rates charged by those firms.  (Pearl Decl. ¶ 15.)

27      Home Depot raises two primary objections to the Pearl Declaration.  First, his lists of hourly

28  rates found to be reasonable by other courts provides only years of those attorneys' experience, but

not their skills or reputations.  Second, his declaration is based on rates charged in litigations that did not involve "single-plaintiff disability discrimination claims" but rather includes rates for "antitrust litigation, class actions, Freedom of Information Act litigation, consent decree litigation, and various commercial litigation cases" which are "far more complex" than a case about public urination.  (Fee Opposition at 14–15.)

By contrast, Home Depot's expert Mr. Pierce reviewed "three nationally recognized billing rate surveys" containing information on billing rates for attorneys in the Bay Area.[25]  (Expert Report at 19.)  Based on the surveys reviewed, Mr. Pierce opines that the prevailing hourly rate for similar work performed by Mr. Thuesen is $415 per hour.

As to the evidence presented by Plaintiff in support of Victor Thuesen's $600 per hour rate, the Court first notes that while the cases listed by Mr. Pearl in paragraph 9 of his declaration provide some basis of comparison of reasonable rates for attorneys with 30+ years of experience, these rates do not take into account whether the work performed was similar in nature.[26]  *Chalmers*, 796 F.2d at 1210–11 ("In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for *similar work* performed by attorneys of comparable skill, experience,

---

[25] Mr. Pierce reviewed: (i) the ALM Billing Rate and Practices Report for Small and Mid-Sized Law Firms and National Law Journal and ALM Survey of Law Firms for the year 2011; (ii) the National Law Journal's Survey of Law Firm Economics for the year 2011; and (iii) the National Law Journal's Survey of Law Firm Economics for the year 2012.

[26] With regard to the list of standard hourly rates for various California firms (*see* Pearl Decl. ¶ 15 regarding "Rates Charged by Other Law Firms"), these numbers, upon first glance, support the reasonableness of Victor Thuesen's requested fee.  However, Mr. Pearl does not provide any information regarding the practice areas of attorneys included in the survey, which is necessary information in order for the Court to make a *meaningful comparison* regarding whether the work was *similar* to that of Mr. Thuesen.  Mr. Pearl also references surveys on legal rates, including a Valeo 2012 Halftime Report showing that the 2012 average partner rate in San Francisco was $675.  (Pearl Decl. ¶ 10 & Ex. B (compiling billing rates for lawyers at 550 law firms through publicly-available documents); *see also* Pearl Decl., Exs. C & F.)  These articles and surveys likewise do not provide information that allows the Court to determine whether the work performed was similar in nature.  If based on average billing rates for attorneys in big law firms, these quoted numbers presumably include rates for non-employment litigators and, even more dissimilarly, transactional attorneys.  To the extent that Exhibits D and E do reference partners' awarded rates in employment litigation, the Court notes that the awards are not in line with the requested rate and it is unclear whether these cases involved class actions or individual plaintiffs.

United States District Court
Northern District of California

1    and reputation.") (emphasis supplied).  Simply put, average hourly rates of big law firm partners

2    (irrespective of whether the work involved any employment law) do not provide a meaningful basis

3    for comparison of what is appropriate for Mr. Thuesen here in an employment discrimination case

4    involving an individual plaintiff asserting claims arising from one chain of events.  Moreover, the

5    Court agrees with Home Depot that the Pearl Declaration fails to indicate the referenced attorneys'

6    skill level or reputations.  *Schwarz,* 73 F.3d at 908 (fee applicant has the burden to produce evidence

7    "that the requested rates are in line with those prevailing in the community for similar services of

8    lawyers of reasonably comparable skill and reputation") (citations and internal quotations omitted).

9         The Court further notes that as to Mr. Pierce's Expert Report, the Court finds the various

10   surveys to be minimally persuasive in light of various fee awards awarded to employment litigators in

11   this district.  In *Davis v. Prison Health Servs.*, a court in this district awarded fees of $750 and $675 to

12   attorneys with considerable experience litigating civil rights and employment cases.  2012 WL

13   4462520, at *9 (further finding that the "rates [we]re in line with the overall market rate for

14   experienced civil rights attorneys of similar abilities and experience in the Northern District").  These

15   amounts were awarded to attorneys who began practicing between 1979 and 1983, whereas Mr.

16   Thuesen began practicing in 1979.  The district court in *Davis* noted that as to the attorney receiving

17   the $750 per hour rate, at least one other judge in the district had commented in the past that the

18   attorney's quality of representation was "outstanding."  *Id.* at *9 (citing *Campbell v. Nat'l Passenger*

19   *R.R. Corp.,* 718 F. Supp. 2d 1093, 1100 (N.D. Cal. 2010)).  In *Campbell*, the court observed that the

20   parties' evidence indicated that a "market rate from $380 to $775 per hour [was appropriate] for

21   experienced employment and civil rights attorneys in the Northern District."  *Id.*

22        The Court thus considers the $675–750 range to be on the higher end of possible rates for Mr.

23   Thuesen based on his experience and skill.  While Mr. Maloney has provided an opinion regarding the

24   quality of Mr. Thuesen's representation and skill having opposed him on six employment matters, no

25   declaration speaks to Mr. Thuesen's reputation in the community and the Court is not independently

26   aware of the same.

27        On the lower end of the range for a reasonable rate, the Court looks to the case referenced by

28   Plaintiff wherein Mr. Thuesen was awarded $500 per hour.  In *Angel v. N. Coast Couriers, Inc.*, No.

C-11-01028 JSW EDL, 2012 WL 380285, at *3 (N.D. Cal. Feb. 6, 2012), Magistrate Judge Laporte granted a motion for sanctions in favor of Mr. Thuesen's client, awarding him $10,050 in fees based on 20.1 hours of work.  (*See* No. C-11-01028, Dkt. Nos. 52 & 72.)  It is unclear whether Judge Laporte engaged in an analysis of whether the $500 per hour rate was in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation. However, having awarded the $500 rate, Judge Laporte necessarily must have found the rate to be reasonable given the circumstances.  Based on the declarations provided by Ms. Hyams and Ms. Giuffre, the practice of smaller firms in this district is to increase hourly rates by approximately $25 per year, which the Court finds to be reasonable.  Accordingly, another reasonable rate that could be awarded to Mr. Thuesen would be $525 per hour, based on receiving $500 in 2012 plus the $25 increase.

Taking together a $525 rate on the lower end (based on his previously-awarded rate in 2012 by Judge Laporte) and the $675–$750 range on the higher end (based on amounts awarded to attorneys with similar amounts of experience to Mr. Thuesen in the areas in which he practices) *and* the 2013 rates charged by other employment litigators in the Bay Area—particularly Ms. Hyams at $600 and Ms. Giuffre at $575—the Court finds that a reasonable rate for Mr. Thuesen's services in this matter is $575.

In sum, the Court finds that the lodestar amount in this matter reflecting hours reasonably spent on the case and a reasonable hourly rate are as follows:

| NAME | TITLE | HOURS | RATE | TOTAL PER PERSON |
|---|---|---|---|---|
| Victor Thuesen | Attorney | 218.158 | $575 | $125,440.85 |
| Mark Thuesen | Attorney | 73.9 | $250 | $18,475.00 |
|  |  |  |  |  |
| **TOTAL LODESTAR** |  |  |  | **$143,915.85** |

### 5.    Home Depot's Arguments for a Lodestar Reduction

Home Depot's final argument on the fee award is for a lodestar reduction based on the fact that (i) this action was neither factually nor legally complex, and (ii) that the contingent risk in this matter was nothing unusual for a FEHA action.

1   Plaintiff responds that there were novel and difficult issues in this case.  Namely,

2   representation of a client with developmental disabilities presented unique difficulties.  Further, Home

3   Depot defended this action with particular vigor.  Finally, Lota argues there was considerable

4   contingent risk.

5   The Court is not persuaded that the above-mentioned factors warrant a lodestar reduction.  The

6   Court acknowledges there were challenges in representing a client with a mental disability.  Even if

7   the Court were to accept Home Depot's characterization of this case as a boilerplate disability

8   discrimination action, there is a strong presumption that the lodestar figure represents a reasonable

9   fee.  *Jordan*, 815 F.2d at 1262.  Its cited authority, *Thayer v. Wells Fargo Bank, N.A.*, 92 Cal. App.

10  4th 819, 837 (Cal. Ct. App. 2001), examined whether novel or complicated issues in the litigation

11  warranted a fee enhancement.  The case did not hold or imply that boilerplate cases warrant automatic

12  lodestar reductions.[27]  Moreover, the Court finds that the contingent nature of this case is not a reason

13  to apply a reduction.  Again, Home Depot's authority to justify a lodestar reduction is inapposite.  In

14  *Weeks v. Baker & McKenzie*, 63 Cal. App. 4th 1128, 1174 (Cal. Ct. App. 1998), the court of appeal

15  examined whether it was appropriate to have applied a fee enhancement for reasons including the

16  contingent risk involved.  The *Weeks* court did not, as Home Depot alludes, apply a lodestar reduction

17  simply because the contingent risk was that of a typical FEHA case.

18  For the foregoing reasons, the Court declines to apply a reduction to the lodestar.

19  In conclusion, and for the reasons set forth *supra*, the Court awards Victor and Mark Thuesen

20  a total award of attorneys' fees of **$143,915.85**.

21  **III.    MOTION FOR COSTS**

22  Lota seeks costs in the amount of $6,965.63.  (*See* Dkt. No. 104.)  Mr. Pierce opines that these

23  costs were both reasonable and necessary.  (Expert Report at 21.)  Home Depot argues that the cost of

24  $725 for Mr. Pearl's declaration is not recoverable under 28 U.S.C. section 1924 and Civ. L.R. 54-3.

25  This Local Rule provides at sub-section (e) that "[p]er diem, subsistence and mileage payments for

26  witnesses are allowable to the extent reasonably necessary and provided for by 28 U.S.C. § 1821.  No

27  _____

28  [27] Despite Home Depot's contention that there was "nothing unique or atypical about Plaintiff's disability claims" (Fee Opposition at 19), the Court notes that Home Depot found it necessary to assign a total of nine attorneys to this matter at various points throughout this litigation.

1   other witness expenses, including fees for expert witnesses, are allowable." Plaintiff responds that the

2   fees are recoverable under FEHA, specifically Cal. Gov't Code section 12965(b).

3           The Court notes that "[i]n diversity cases, federal courts may award costs pursuant to a state

4   statute, so long as that statute does not conflict with federal law." *Muniz v. United Parcel Serv., Inc.*,

5   No. C 09-01987 CW, 2011 WL 3740808, at *15 (N.D. Cal. Aug. 23, 2011) (citing *Garcia v. Wal-*

6   *Mart Stores, Inc.*, 209 F.3d 1170, 1176–77 (10th Cir. 2000)). Here, the applicable rule in this

7   district—which neither party asserts is inapplicable—provides that "[n]o other witness expenses,

8   including *fees for expert witnesses*, are allowable." Civ. L.R. 54-3(e) (emphasis supplied). This

9   explicit exclusion conflicts with the FEHA provision permitting an award of expert witness fees.

10  Because the award of costs under FEHA directly conflicts with the applicable Local Rule, the Court

11  agrees with Home Depot that the $725 incurred for Mr. Pearl's declaration is not a recoverable cost.

12          Accordingly, the Court deducts $725 from the requested costs and awards Lota **$6,240.63** in

13  costs.

14  **IV.    CONCLUSION**

15          For the foregoing reasons, the Court hereby **GRANTS IN PART** Plaintiff's Motion for Award of

16  Attorneys' Fees and Costs. Plaintiff is hereby **AWARDED $143,915.85** in attorneys' fees and

17  **$6,240.63** in costs.

18          This Order terminates Dkt. No. 84.

19          **IT IS SO ORDERED.**

20

21  Dated: December 31, 2013                                    _____

22                                                             **YVONNE GONZALEZ ROGERS**

                                                               **UNITED STATES DISTRICT COURT JUDGE**

23

24

25

26

27

28